UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANTHONY FUSCO, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 2:18-cv-00290-JAW |
| NOEL L. HAYNES,<br>KATIE DOHERTY,<br>MARY HAYNES ROGERS,<br>KIM E. DAVIS, and<br>ANDREW DAVIS, Esq., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO DISMISS**

The Court grants the defendants' motions to dismiss a plaintiff's complaint regarding his dissatisfaction of an insurance company's handling of his claim for long-term disability benefits pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2) because the complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

**I.  BACKGROUND**

    **A.  Procedural History**

On July 2, 2018, Anthony Fusco, acting pro se, filed and served a complaint in York County Superior Court naming Noel L. Haynes, Katie Doherty, Mary Haynes Rogers, Kim E. Davis, and Andrew Davis, Esq., as defendants. *Notice of Removal*, Attach. 1, *Compl. with Exs.* (ECF No. 1-1) (*Compl.*). With the Complaint, Mr. Fusco filed 84 pages of exhibits. *Id*. It is unclear whether the Court should construe the

exhibits as allegations within the Complaint or as exhibits confirming or explaining allegations in the Complaint. *Id.*

On July 16, 2018, Andrew Davis, Esq., filed a motion to dismiss. *State Court Record*, Attach. 12, *7-16-18 Mot. to Dismiss by Defendant Andrew Davis (Eddy)* (ECF No. 10-12). On July 30, 2018, Mr. Fusco filed a response to Mr. Davis's motion to dismiss. *Id.* Attach. 10, *Letter from Anthony J. Fusco to York County Clerk of Court* (ECF No. 10-10) (*Pl.'s Opp'n to Andrew Davis Mot. to Dismiss*). On July 23, 2018, Attorney Davis filed a reply to Mr. Fusco's opposition to his motion to dismiss. *Id.* Attach. 11, *Reply to Pl.'s Opp'n to Mot. to Dismiss by Def. Andrew Davis* (ECF No. 10-10) (*Andrew Davis Reply*).[1]

On July 20, 2018, Kim E. Davis filed a motion to dismiss. *Additional Attachs. Filed by Katie Doherty, Noel L. Haynes re: State Court Record, Defendant Kim E. Davis' Motion to Dismiss* (ECF No. 16) (*Kim Davis Mot. to Dismiss*). On July 30, 2018, Mr. Fusco filed a response in opposition to Ms. Davis's motion. *State Court Record,* Attach 8, *7-30-18 Opp'n to Mot. to Dismiss by Kim Davis* (ECF No. 10-8). Ms. Davis has not filed a reply to Mr. Fusco's opposition.

Mary Haynes Rogers filed an answer to Mr. Fusco's Complaint in York County Superior Court on July 30, 2018. *State Court Record*, Attach. 7, *7-30-18 Answer of Mary Haynes Rogers (Martin)* (ECF No. 10-7) (*Haynes Rogers Answer*). Ms. Rogers has not filed a motion to dismiss the complaint.

---

[1] The alert reader will notice that the dates are off. Attorney Davis filed his reply before Mr. Fusco filed his opposition. Mr. Fusco dated his opposition July 17, 2018 and may have sent a copy to Attorney Davis, but for unknown reasons, his reply was not docketed until July 30, 2018.

On July 30, 2018, Noel L. Haynes and Katie Doherty filed a notice of removal of the case to the United States District Court for the District of Maine. *Notice of Removal* (ECF No. 5) (*Notice of Removal*). On August 2, 2018, Mr. Haynes and Ms. Doherty filed a motion to dismiss in this Court. *Mot. to Dismiss for Failure to State a Claim* (ECF No. 8) (*Haynes/Doherty Mot. to Dismiss*). On August 3, 2018, Mr. Fusco filed a response in opposition to the Haynes/Doherty motion to dismiss. *State Court Record*, Attach. 4., *8-2-18 Reply to Summary Submitted by Ogletree Deakins* (ECF No. 10-4). Mr. Haynes and Ms. Doherty replied on August 17, 2018. *Reply to Resp. to Mot. to Dismiss for Failure to State a Claim* (ECF No. 19) (*Hayes/Doherty Reply*). On August 28, 2018, Mr. Fusco filed a sur-reply. *Sur-reply to Mot. to Dismiss for Failure to State a Claim* (ECF No. 20) (*Pl.'s Sur-reply*)

**B.  Statement of Facts**

The underlying dispute appears to arise from Mr. Fusco's dissatisfaction with Unum Life Insurance Company of America's (Unum) decision regarding the payment of long-term disability benefits under a group insurance policy issued to Mr. Fusco's former employer. In the first page of his Complaint, titled "Pro Se Lawsuit Summary and Contact Sheet," he outlines his charges against the five defendants. *Compl.* at 1.

Mr. Fusco charges Noel Haynes, Senior Complaints Specialist at Unum, and Katie Doherty, Lead Appeals Specialist at Unum, with "Collusion", "Breach of Contract", "Depraved Indifference to Human Life", and two counts of "Defamation of Character." *Id.* From the documentation filed with the Complaint, it appears that following Unum's June 28, 2013 determination that Mr. Fusco was not eligible for

3

long-term disability benefits, Mr. Fusco filed a complaint with Mr. Haynes. *Id*. at 62. Mr. Fusco also administratively appealed the decision to deny him long-term disability benefits, and Unum Lead Appeals Specialist, Ms. Doherty, upheld the determination. *Id*. at 65. No other facts are alleged regarding these two Defendants.

Mr. Fusco charges Mary Haynes Rogers, Executive Director of Shalom House, with "Collusion", "Depraved Indifference to Human Life", and two counts of "Defamation of Character." *Id*. at 1. Included with his Complaint is a letter to Ms. Rogers disputing Unum's determination and stating that "Shalom House as an Employer has a Legal Responsibility, to make sure Employees get Benefits paid for ..." *Id*. at 75. Mr. Fusco alleges no other facts relevant to his charges against Ms. Rogers.

Mr. Fusco charges Kim E. Davis, an insurance contract examiner in the Consumer Health Care Division of the Maine Bureau of Insurance, with "Professional Negligence", "Aiding and Abetting a Felony", and "Filing a False Police Report." *Id*. at 1. It appears that following Unum's denial of long-term disability benefits to Mr. Fusco, he sent a letter to the Maine Bureau of Insurance (the Bureau), stating that he had "tried everything humanly possible to resolve this matter" and that if the Bureau "by chance [has] any ideas [he] would truly love to hear them." *Id*. at 12. With the letter, Mr. Fusco included twenty-seven letters and documents. *Id*. Ms. Davis, an insurance contract examiner in the Consumer Health Care Division of the Bureau, sent Mr. Fusco a letter regarding his correspondence, stating: "We have received and reviewed your claim file from UNUM. Unfortunately, from a regulatory

4

standpoint, UNUM has not violated any Maine statutes. We are closing your complaint." *Id.* at 49.

In response on January 13, 2018, Mr. Fusco sent Ms. Davis a letter in which he threatened to file a lawsuit against her, told her that a police officer would show up at her place of employment to serve her with a summons, and that she was "looking at a felony conviction—possible jail time—and the prospect of never getting another job." *Id.* at 50. On February 13, 2018, Mr. Fusco wrote a letter to the Gardiner Police Department, to which he attached to his complaint, stating "Kim E. Davis did not rob The Bank, HOWEVER, she Drove the Getaway Car. Kim E. Davis is a Dishonest-Unethical-Liar, and committed a FELONY, and then has the GALL to accuse me of Harassment. . . At this time I Request the Gardiner Police Department send me the Paperwork to File Charges Against Kim E. Davis for Filing a False Police Report." *Id.* at 24 (capitalization in original).

Finally, Mr. Fusco charges Andrew Davis, Esq., with "Aiding and Abetting a Felony" and "Failure to Exhibit the Requisite Honesty-Integrity-Fitness to Practice Maine Law." *Id* at 1. Included in the Complaint are two letters from Mr. Fusco to Attorney Davis, dated September 9 and October 1, 2017, in which Mr. Fusco expressed his dissatisfaction with Attorney Davis's decision not to take his case, *id.* at 19, 21, as well as a letter from Attorney Davis to Mr. Fusco dated September 22, 2017. *Id.* at 20. There are no identifiable causes of action in these documents.

## II. DISCUSSION

### A. Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A defendant may base such a motion on either or both of two grounds: (1) a challenge to the 'sufficiency of the pleading' under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim." *Barr v. W. Bath Dist. Court,* 674 F. Supp. 2d 304, 305 (D. Me. 2009).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346 (2005) (internal citations omitted), in order to "facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) (internal citations omitted). The United States Supreme Court stated in *Bell Atlantic Corporation v. Twombly*,

> While a complaint attacked by a Rule 12(b)(6) does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . . Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations are true. . .

550 U.S. 544, 555 (2007) (citations omitted). As Judge Hornby noted, "[a] complaint failing to comply with this rule presents a severe burden in terms of the defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the plaintiff's claims." *Barr,* 674 F. Supp. 2d at 305.

That said, "[i]n ruling on a motion to dismiss, a court must 'accept all well-pleaded facts of the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 506 (1st Cir. 2002) (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 13 (1st Cir. 1997)). A defendant is entitled to dismissal only if it "'appears to a certainty that the plaintiff would be unable to recover under any set of facts.'" *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001) (quoting *Roma Constr. Co. v. A Russo*, 96 F.3d 566, 569 (1st Cir. 1996)); *see also Nethersole v. Bulger,* 287 F.3d 15, 18 (1st Cir. 2002).

### B. Pro Se Litigants

Courts are generally more relaxed about compliance with procedural rules when a litigant is acting pro se. "The Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality." *Insituto de Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Even so, the First Circuit has written that "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Rivera v. Riley*, 209 F.3d 24, n.2 (1st Cir. 2000).

### C. Analysis

Mr. Fusco's document, which the Court liberally construed as a complaint, is eighty-five pages long, and includes immaterial and confusing information that has rendered it effectively unintelligible. From reading his Complaint, including his attachments, it is very clear that Mr. Fusco is extremely upset and that he feels several people, including the named defendants, have wronged him. But it is unclear

7

how his allegations relate to his charges against these persons or meet the elements of the legal theories that he asserts.

The Complaint and its attachments include copies of letters Mr. Fusco sent to several individuals, including (but not limited to) the defendants; these letters contain offensive and hyperbolic language. *See Compl.* at 81 ("Kim E. Davis did not rob The Bank, "HOWEVER" she Drove The Getaway Car. Kim E. Davis is a Dishonest-Unethical-Liar, and Committed a 'FELONY'"); at 82 ("'Dishonest-Unethical-Liar-Felon Who has NOT Accused me of Har[]assment Katie Doherty, HIA – Lead Appeals Specialist – UNUM"). Some of the language is potentially threatening. *Id.* ("I will make the despicable – Liars at UNUM Pay or Die Trying").

The Complaint assails members of the state judiciary, including Chief Justice Saufley and Justice Alexander of the Maine Supreme Judicial Court, *id.* at 1 ("I request my "RIGHT" to a Trial by Jury, due to the Fact Judges & Justices in the State of Maine, have Proven to be Dishonest-Unethical-Untrustworthy. Of Particular Note Don Alexander . . . Leigh Saufley"), as well as Judge Christine Foster of the York County District Court. *Id.* at 82 ("What Saufley is a Dishonest-Unethical-Liar-Felon. Who, has NOT been Convicted Because "JUDGE" Christine Foster is ALSO A Dishonest-Unethical-Liar-Felon"). But none of these judges is a named defendant. *Id.* at 1.

A large portion of the Complaint consists of correspondence regarding his grievances against individuals not named as defendants to this suit. For example, Mr. Fusco attached a 2011 letter addressed to "reptiles," the recipients of which are

8

three of Mr. Fusco's attorneys, and Jacqueline Rogers (the Executive Director of the Board of Overseers of the Bar), J. Scott Davis (Bar Counsel), and Aria Eee (Deputy Bar Counsel). *Id.* at 84. In the letter, Mr. Fusco expresses his extreme dissatisfaction with the representation he received and with three employees of the Board of Overseers of the Bar. *Id.* at 84. But none of these individuals is a named defendant. *Id.* at 1.

In short, Mr. Fusco's pleading is not a "short and plain statement" of his claim and does not comport with Federal Rule of Civil Procedure 8(a)(2) or 8(d)(1). "A complaint that fails to comply with this rule presents a severe burden in terms of the defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the plaintiff's claims." *Barr,* 674 F. Supp. 2d at 305.

Furthermore, assuming his allegations are true, Mr. Fusco's Complaint fails to demonstrate he is entitled to relief. He does not outline the elements of his claims, and he does not allege facts to show each element is met. Some of the claims he brings are not actions at all. For example, Mr. Fusco charges Attorney Davis with "FAILURE to Exhibit the REQUISITE Honesty- Integrity-Fitness to Practice Maine 'LAW,'" which does not constitute a civil action. *Compl.* at 1 (capitalization in original). Similarly, Mr. Fusco charges both Attorney Davis and Kim Davis with "Aiding and Abetting a Felony," which is not a civil action; nor is "Filing a False Police Report." *See* 17-A M.R.S. §§ 57, 509.

Mr. Fusco has alleged some legal claims that could potentially be valid tort claims, such as collusion, defamation of character, and professional negligence, but he has failed to support any of these claims with facts substantiating his right of relief. Although the Court has taken all inferences in favor of Mr. Fusco, courts "need not credit a complaint's bald assertions or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (citation and internal quotation marks omitted). It is unfortunate that Mr. Fusco feels so deeply wronged, but not all perceived wrongs translate into legal rights, and viewing the Complaint as favorably as legally permissible toward Mr. Fusco, the Court has concluded that he has failed to properly state a cognizable claim against Defendants Andrew Davis, Noel Haynes, Katie Doherty, and Kim E. Davis.

## III. CONCLUSION

The Court GRANTS the Defendant Andrew Davis's Motion to Dismiss (ECF No. 12), the Defendants Noel Haynes and Katie Doherty's Motion to Dismiss (ECF No. 8), and the Defendant Kim E. Davis's Motion to Dismiss (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2019