UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANTHONY FUSCO, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00290-JAW |
| | ) | |
| MARY HAYNES ROGERS | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO DISMISS

The Court grants a defendant's motion to dismiss a plaintiff's complaint against the director of his former employer regarding his dissatisfaction with an insurance company's handling of his claim for long-term disability benefits, because the complaint does not comply with Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2).

## I. BACKGROUND

### A. Procedural History

On July 2, 2018, Anthony Fusco, acting pro se, filed and served a complaint in York County Superior Court naming as Defendants Noel L. Haynes, Katie Doherty, Mary Haynes Rogers, Kim E. Davis, and Andrew Davis, Esq. *Notice of Removal*, Attach. 1, *Compl. with Exs.* (ECF No. 1-1) (*Compl.*). With the Complaint, Mr. Fusco filed eighty-four pages of exhibits.[1] *Id.*

---

[1] The Court is not clear whether it should construe the exhibits as allegations within the Complaint or as exhibits confirming or expanding upon the allegations in the Complaint. Even if the

Ms. Rogers answered Mr. Fusco's Complaint in York County Superior Court on July 30, 2018. *State Court Record*, Attach. 7, *7-30-18 Answer of Mary Haynes Rogers (Martin)* (ECF No. 10-7). That same day, Mr. Haynes and Ms. Doherty filed a notice of removal of the case to the United States District Court for the District of Maine. *Notice of Removal* (ECF No. 5) (*Notice of Removal*).

On January 14, 2019, the Court granted motions to dismiss filed by Defendants Andrew Davis, Kim Davis, Noel Haynes, and Katie Doherty. *Order on Mots. To Dismiss* (ECF No. 28) (*Order on Mots. to Dismiss as to Other Defs.*). On January 17, 2019, remaining Defendant Ms. Rogers filed a motion to dismiss for failure to state a claim. *Mot. to Dismiss for Failure to State a Claim* (ECF No. 30) (*Def.'s Mot.*). On January 31, 2019, Mr. Fusco filed a letter expressing his dissatisfaction with the Court's dismissal of his complaints as to Mr. Davis, Ms. Davis, Mr. Haynes, and Ms. Doherty. *Letter by Anthony J. Fusco* (ECF No. 33). On February 1, 2019, Mr. Fusco filed another letter, which the Court interprets as a response in opposition to Ms. Roger's motion to dismiss. *Letter by Anthony J. Fusco* (ECF No. 34) (*Pl.'s Opp'n*). On February 8, 2019, Ms. Rogers replied. *Reply to Resp. to Mot. to Dismiss for Failure to State a Claim* (ECF No. 35) (*Def.'s Reply*).

On March 11, 2019, Mr. Fusco filed two additional letters with the Court, *Letter by Anthony J. Fusco* (ECF No. 37); *Letter by Anthony Fusco* (ECF No. 38), which appear to be duplicates of several exhibits Mr. Fusco originally filed in support of his Complaint. *Id.* These letters are not compliant with this District's Local Rule 7,

---

Court assumes for purposes of analyzing the motion to dismiss that the statements in the exhibits are allegations in the Complaint, the result is the same.

2

which only permits the moving party to "file a reply memorandum, . . . which shall be strictly confined to replying to new matter raised in the objection or opposing memorandum." D. ME. LOC. R. 7(a)-(c). Rule 7 does not allow Mr. Fusco to file additional replies, nor does it allow replies not responsive to the Defendant's objection. The Court has not considered these letters in deciding the instant motion.

B. Statement of Facts

The dispute appears to arise from Mr. Fusco's dissatisfaction with Unum Life Insurance Company of America's (Unum) decision regarding the payment of long-term disability benefits under a group insurance policy issued to Mr. Fusco's former employer, Shalom House. In the first page of his Complaint, titled "Pro Se Lawsuit Summary and Contact Sheet," he outlines his charges against Ms. Rogers, Executive Director of Shalom House. *Compl.* at 1. Mr. Fusco charges Ms. Rogers with "Collusion," "Depraved Indifference to Human Life," "Breach of Contract," and two counts of "Defamation of Character." *Id.* at 1. In support of his claims, Mr. Fusco alleges that Shalom House told Unum he was fired for disciplinary reasons. *Id.* at 21. He states "[i]t is Impossible to tell a more Blatant, Obvious Lie." *Id.* (capitalization in original). He alleges that Ms. Rogers ignored his letters, stating "your absolute, total disregard for my well-being, and rights, is DEPLORABLE, beyond comprehension. You and UNUM both accused me of lying and lied about me." *Id.* at 22. Also included with his Complaint is a letter to Ms. Rogers disputing Unum's determination and stating that "Shalom House as an Employer has a Legal Responsibility, to make sure Employees get Benefits paid for . . .." *Id.* at 75. Mr.

3

Fusco alleges no other facts in his Complaint or the accompanying exhibits relevant to his charges against Ms. Rogers.

## II. DISCUSSION

### A. Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A defendant may base such a motion on either or both of two grounds: (1) a challenge to the 'sufficiency of the pleading' under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim." *Barr v. W. Bath Dist. Court,* 674 F. Supp. 2d 304, 305 (D. Me. 2009).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346 (2005) (internal citations omitted), to "facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) (internal citations omitted). The United States Supreme Court stated in *Bell Atlantic Corporation v. Twombly*,

> While a complaint attacked by a Rule 12(b)(6) does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . . Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations are true. . ..

4

550 U.S. 544, 555 (2007) (citations omitted). As Judge Hornby of this District noted, "[a] complaint failing to comply with this rule presents a severe burden in terms of the defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the plaintiff's claims." *Barr,* 674 F. Supp. 2d at 305.

That said, "[i]n ruling on a motion to dismiss, a court must 'accept all well-pleaded facts of the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 506 (1st Cir. 2002) (quoting *Aybar v. Crispin-Reyes,* 118 F.3d 10, 13 (1st Cir. 1997)). A defendant is entitled to dismissal only if it "'appears to a certainty that the plaintiff would be unable to recover under any set of facts.'" *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001) (quoting *Roma Constr. Co. v. A Russo*, 96 F.3d 566, 569 (1st Cir. 1996)); *see also Nethersole v. Bulger,* 287 F.3d 15, 18 (1st Cir. 2002).

**B.     Pro Se Litigants**

Courts are generally more relaxed about compliance with procedural rules when a litigant is acting pro se. "The Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality." *Insituto de Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe,* 449 U.S. 5, 9 (1980)). Even so, the First Circuit has written that "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Rivera v. Riley*, 209 F.3d 24, n.2 (1st Cir. 2000).

**C.     Analysis**

The Court concluded in its order on the prior motions to dismiss that Mr. Fusco's Complaint failed to state a claim upon which relief could be granted; the Court views Mr. Fusco's claims against Ms. Rogers no differently. *Order on Mots. to Dismiss as to Other Defs.* (ECF No. 28). The Court stated in its prior order:

> Mr. Fusco's document, which the Court liberally construed as a complaint, is eighty-five pages long, and includes immaterial and confusing information that has rendered it effectively unintelligible. From reading his Complaint, including his attachments, it is very clear that Mr. Fusco is extremely upset and that he feels several people, including the named defendants, have wronged him. But it is unclear how his allegations relate to his charges against these persons or meet the elements of the legal theories that he asserts.

*Id.* at 7-8. As with the earlier order, the Court concludes that Mr. Fusco's Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) or 8(d)(1) because it is not a "short and plain statement" of his claim. *Id.* at 1. In its prior order, the Court explained that Mr. Fusco's Complaint "include[s] copies of letters Mr. Fusco sent to several individuals, including (but not limited to) the defendants; these letters contain offensive and hyperbolic language . . . some of the language is potentially threatening." *Id.* at 8 (citing *Compl.* at 81). Mr. Fusco's Complaint against Ms. Rogers is the essentially the same as his Complaint against the dismissed Defendants and the Court's conclusion is therefore the same: the Complaint violates these Federal Rules of Civil Procedure.

Furthermore, Mr. Fusco fails to allege facts that support the elements of the claims he asserts against Ms. Rogers: two counts of defamation of character, one count of breach of contract, one count of "depraved indifference to human life," and one count of collusion. *Compl.* at 1. The references to Ms. Rogers in the eighty-five

6

pages submitted by Mr. Fusco, which the Court has construed as facts in support of his claims, are captured below:

> (1) Mr. Fusco claims that Shalom House told Unum that he was fired for disciplinary reasons. "It is Impossible to tell a more Blatant, Obvious Lie."
>
> (2) Mr. Fusco alleges that Ms. Rogers has ignored his letters, stating "your absolute, total disregard for my well-being, and rights, is DEPLORABLE, beyond comprehension. You and UNUM both accused me of lying and lied about me."
>
> (3) A letter to Ms. Rogers disputes Unum's determination and states that "Shalom House as an Employer has a Legal Responsibility, to make sure Employees get Benefits paid for . . .."

*Id.* at 21-22, 75 (capitalization in originals).

With regard to the defamation charge, while Mr. Fusco contends that an employee of Shalom House lied to Unum regarding the reason for his termination, he does not allege that Ms. Rogers was the employee who communicated this statement, nor does he provide any facts supporting his claim that this statement was false. *See Compl.* Both elements must be alleged to support a defamation claim under Maine law. *Argereow v. Weisberg*, 2018 ME 140, ¶ 43, 195 A.3d 1210 (The four elements of defamation are: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least . . . negligence on the part of the publisher; and (4) actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."). Taking all reasonable inferences in favor of Mr. Fusco, his factual allegations in support of his defamation claim fail to "raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555.

7

Similarly, Mr. Fusco fails to allege any specific facts in support of his breach of contract claim. He states only that "Shalom House as an Employer has a Legal Responsibility, to make sure Employees get Benefits paid for." *Compl.* at 75 (capitalization in original). This statement alone is not enough to maintain a cause of action for breach of contract, as it does not "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Mr. Fusco's remaining claims against Ms. Rogers are for "Depraved Indifference to Human Life" and "Collusion;" neither is a recognized legal theory for a civil action. The Maine Criminal Code recognizes "depraved indifference to human life murder" as a criminal charge and a Class A Felony, but no civil action for "depraved indifference to human life" exists. *See* 17-A M.R.S.A. § 201(1-A). Similarly, "Maine law generally denies that there is a separate and independent tort of civil conspiracy." *Cohen v. Bowdoin*, 288 A.2d 106, 111 (Me. 1972). Given that Mr. Fusco's other claims fail, his claim of collusion, which the Court construes liberally as a claim of civil conspiracy, cannot succeed.

As stated by Ms. Rogers, "[n]othing in the multitudes of virtually incomprehensive pages and filings submitted to this court by Mr. Fusco provides Defendant Mary Haynes Rogers with any reasonable opportunity to understand the claims and defend against these claims." *Def.'s Reply* at 2. Furthermore, assuming his allegations are true, Mr. Fusco's Complaint fails to demonstrate he is entitled to relief.

### III. CONCLUSION

The Court GRANTS the Defendant Mary Haynes Rogers' Motion to Dismiss (ECF No. 30).

SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2019